**Adiener ALFARO Plaintiff**

v.

**CROWLEY LINER SERVICES, INC., et al. Defendants**

**No. CIV. 03–2187(SEC).**

United States District Court, D. Puerto Rico.

Nov. 26, 2003.

Harold E. Hopkins, Jr., Esq., San Juan, CA, for Plaintiffs.

Raquel M. Dulzaides and Normary Figueroa–Rijo, Esqs., Jimenez, Graffam & Lausell, San Juan, CA, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendant Crowley Liner Services, Inc.'s (Defendant) petition for removal pursuant to 28 U.S.C. § 1441 (**Docket # 1**). Defendant alleges that this Court has subject matter jurisdiction over the above-captioned claim pursuant to Section 301(a) of the Labor Management Relations Act (LMRA). Plaintiff has not filed either an objection to the notice of removal or a request for remand. However, for the reasons discussed below, the Court finds that it does not have jurisdiction over the present claim and, therefore, will **DENY** Defendant's petition for removal.

### Applicable Law and Analysis

Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Defendant's request for removal hinges on the presence of a federal question, specifically Section 301 of the LMRA, 29 U.S.C. § 185(a).

■ In determining whether a claim "aris[es] under the Constitution, laws, or treaties of the United States" for purposes of federal question jurisdiction, the Court must look solely to the plaintiff's complaint. 28 U.S.C. § 1331. This is known as the well pleaded complaint rule. However, as an exception to this rule, "any state law claim which is subject to complete preemption under Section 301 of the LMRA is considered a claim arising under federal law within the district court's jurisdiction." *Magerer v. John Sexton & Co.,* 912 F.2d 525, 528 (1st Cir.1990). The question then becomes whether the present case is subject to preemption by Section 301. Section 301(a) of the LMRA provides

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Section 301 completely preempts a state law claim, "if the resolution of [the] state-law claim depends upon the meaning of a collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). However, "if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the

same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for §§ 301 preemption purposes." *Id.* at 409–10.

The degree to which a state law claim depends upon an understanding of the CBA requires careful judicial analysis. 'Courts confronted with state law claims must... locate the line between the need for mere consultation of a CBA, which does not demand federal preemption, and more active interpretation of that agreement, which does preempt the state law claims.'

*Fant v. New Eng. Power Serv. Co.,* 239 F.3d 8, 15 (1st Cir.2001)(*quoting Lydon v. Boston Sand & Gravel Co.,* 175 F.3d 6, 10 (1st Cir.1999)).

██ In the case at hand, Plaintiff was terminated after he tested positive for controlled substances. At the time, Plaintiff was subject to a collective bargaining agreement which included Defendant's policy on substance abuse. Plaintiff alleges that Defendants negligently administered the controlled substances test and negligently failed to follow up after he informed them that he had not used any controlled substances and that the U.S. Coast Guard, which investigated the matter, decided not to suspend his merchant marine license. In addition, Plaintiff alleges that Defendants behavior in divulging the results of the test for controlled substances violated his right to privacy and has caused him mental anguish, suffering, humiliation, feelings of shame, and has damaged his reputation.

We find that these purely factual questions pertaining to Defendants' conduct do not require the Court to interpret any terms and clauses of the collective-bargaining agreement covering Plaintiff's employment with Defendant. Plaintiff's complaint presents no federal question. Instead, his claims lie exclusively in tort.

In *Smith v. WGBH Educational Foundation, Inc.,* 7 F.3d 218, 1993 WL 375816 (1st Cir.1993), the First Circuit Court of Appeals affirmed removal of the action, holding that whether Plaintiff was dismissed for "just cause" required interpretation of the collective bargaining agreement. *Id.* The instant case is distinguishable from *Smith.* In the case at hand, the relevant issue is not whether Plaintiff was terminated for "just cause," but whether the Defendants' conduct was negligent. **The latter does not require interpretation of the collective bargaining agreement.**

Although a plaintiff cannot avoid removal by "artfully pleading" only state law claims, it is well settled that "it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 16, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In the present case, a federal question appears solely as a defense to Plaintiff's state law claims. Therefore, Defendant's petition for removal is **DENIED** and this case is hereby **REMANDED** to the Superior Court since it was improperly removed.

**SO ORDERED.**